IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| MATTHEW W. HARRINGTON, | | **MEMORANDUM DECISION** |
|---|---|---|
| | | **AND ORDER** |
| Plaintiff, | | |
| vs. | | Case No. 2:14-CV-87 DB |
| | | |
| STATE OF UTAH et al., | | District Judge Dee Benson |
| | | |
| Defendants. | | |

_____

Plaintiff, Matthew W. Harrington, an inmate at Utah State Hospital, filed a civil-rights

complaint against Defendants State of Utah and Assistant Attorney General Erin Riley.  As

discussed below, the Court concludes that Harrington must pay the filing fee before this case can

proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a

complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have

repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of

the statute provides:

> In no event shall a prisoner bring a civil action . . . under this
> section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent
> danger
> of serious physical injury.[2]

_____

[1] 28 U.S.C.S. § 1915(a) (2014).

[2] *Id.* § 1915 (g).

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners

seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

Since granting Plaintiff's *in forma pauperis* application here, the Court has become aware

that Harrington filed two complaints in the United States District Court for the Southern District

of California that were dismissed as frivolous or failing to state a claim upon which relief may be

granted.[4] As the Tenth Circuit states, "A federal court may take notice of proceedings in other

federal courts when those proceedings are relevant to matters at issue."[5] Those two cases are in

addition to the one earlier case dismissed as frivolous or failing to state a claim in this Court.[6]

Section 1915(g) applies here because Harrington was a prisoner when filing this

complaint, and he has filed three or more prior cases in federal court that have been dismissed as

frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls

within the three-strikes provision must prepay the entire filing fee before his claims may

proceed.  Harrington has not alleged that he "is in imminent danger of serious physical injury";

therefore, he does not come within the exception to section 1915(g).

## ORDER

Harrington is ineligible to proceed without prepaying the filing fee here because he has

filed three or more cases in federal court which have been dismissed as frivolous, and the

complaint does not fall within the three-strikes exception.

---

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[4] *See Harrington v. Univ. of Cal. San Diego Hosp.,* No. 13cv2110 DMS (WVG) (S.D. Cal. Oct. 25, 2013) (dismissing case under § 1915(g)); *Harrington v. Letai,* No. 13cv1848 BEN (MDD) (S.D. Cal. Sept. 10, 2013) (same).

[5] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[6] *See Harrington v. FBI*, 2:13-CV-205 TS (D. Utah June 20, 2013) (dismissing case under § 1915(g)).

**IT IS THEREFORE ORDERED** that:

(1) the Court's February 12, 2014 order granting Harrington IFP status in this case is

**VACATED**.

(2) Harrington must pay the entire $350 statutory filing fee within thirty days from the

date of this order. Failure to do so will result in the dismissal of the complaint.

March 4th, 2014.

BY THE COURT:

DEE BENSON
United States District Judge